IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00163-REB-MJW

HEALTHBRIDGE ALLIANCE, a Colorado nonprofit corporation,

    Plaintiff,

v.

HENRY N. TOBEY, Ph.D., an individual,

    Defendant.

## ORDER DENYING DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS DUE TO LACK OF SUBJECT MATTER JURISDICTION, WITH AUTHORITIES

**Blackburn, J.**

The matter before me is **Defendant's Rule 12(b)(1) Motion To Dismiss Due to Lack of Subject Matter Jurisdiction, With Authorities** [#10], filed March 3, 2007. I deny the motion.

Defendant's motion was addressed to plaintiff's original **Complaint and Jury Demand** [#1], filed January 22, 2007. Defendant argued that federal subject matter jurisdiction was lacking because (1) plaintiff did not hold registrations of copyright in any of the materials underlying their claims; and (2) the complaint did not assert a claim arising under the Copyright Act, 28 U.S.C. § 1338(a). After the motion was briefed, plaintiff did obtain registrations of copyright on at least two of the materials made

subject of this suit.[1] Thereafter, it filed an Amended Complaint and Jury Demand, which asserts an affirmative claim for infringement of copyright against defendant. (**Amended Complaint and Jury Demand** at 4-5, ¶¶ 15-21 & Exhs. A & B [#21], filed August 14, 2007.)[2] It therefore appears that the deficiencies raised by defendant's original motion to dismiss have been rectified, and the basis for his motion to dismiss accordingly has evanesced.

**THEREFORE, IT IS ORDERED** that **Defendant's Rule 12(b)(1) Motion To Dismiss Due to Lack of Subject Matter Jurisdiction, With Authorities** [#10], filed March 3, 2007, is **DENIED**.

Dated December 14, 2007, at Denver, Colorado.

                                               **BY THE COURT:**

                                               **s/ Robert E. Blackburn**
                                               **Robert E. Blackburn**
                                               **United States District Judge**

---

[1] Although defendant claims these materials themselves are derivative of earlier works in which he holds copyrights, the factual dispute inherent therein is not properly resolved by way of a motion to dismiss.

[2] Because defendant only filed a motion to dismiss but not an answer to the original Complaint, plaintiff was free to amend the complaint without leave of court. *See* FED.R.CIV.P. 15(a) (now codified at FED.R.CIV.P. 15(a)(1)(A), effective Dec. 1, 2007) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ."); **Hafen v. Carter**, 2007 WL 2693853 at *2 (10th Cir. Sep. 10, 2007) ("A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)[.];") (quoting **Adams v. Campbell County School District**, 483 F.2d 1351, 1353 (10th Cir. 1973)).